ROBERT M. FLEMING, Judge pro tem-pore.
This is an appeal from a judgment rejecting the demands of Mr. Bourgeois against J. C. Penny Co., Inc., and its insurer. In his suit, Mr. Bourgeois alleged that his young child was injured in an accident in the defendant’s store when a heavy piece of glass and a mannequin fell and injured the boy. There is no question concerning the falling of the glass and the mannequin; however, the issue is whether the child was injured or not. The district court gave written reasons for judgment which we will quote in full, as it is pertinent to our opinion, and which reads as follows:
“Plaintiff brings the within suit as administrator of the estate of his minor son who was a month or two more than three years old on the date of the alleged accident (i. e., March 4th, 1971).
“It is alleged that while shopping in the store of J. C. Penny Company, Inc., a large plate glass on which a large mannequin rested, fell and ‘violently struck the child’s head, face and left foot.’
“The evidence clearly established the fact that the plate glass did fall. The defendant has not shown any cause for this having taken place in order to absolve it of liability for any injuries which may have been caused by the fact that the glass did become dislodged from its original location. Since no contributory negligence can be attributed to the child, the doctrine of res ipsa loquitor might well apply.
“Therefore, the sole question for determination by the Court is whether or not the falling glass did in fact cause any injury to the child.
“It has been testified by the grandmother, and the mother of the child, that the child was walking beside the grandmother when the glass and the mannequin suddenly fell, covering the child with the glass which was shattered, (or at least cracked), and on top of which the mannequin rested; that the child’s nose began bleeding profusely, his face was cut and the mother was unable to lift the glass from the child; that in spite of their call for assistance no one of the store personnel appeared for some time; that following the child’s getting up from the floor,[1] the grandmother proceeded to make a purchase of some materials and all proceeded to have a soft drink to ‘quiet the child.’
*846 “In complete contradiction of such testimony, an employee of the store has testified that the mother was seated on a counter, following the purchase of some item of merchandise; that the grandmother was walking well ahead of the child and that the glass did fall from its position on top of the cloth rack; that the glass did not fall so as to shatter, but actually slid down between the cloth racks and one corner thereof struck the floor and broke off; that the glass did not even fall in the aisle where the child was walking, but actually fell in the aisle which ran perpendicular to the aisle it} which the child was walking.
“It must be noted that the glass was a plate glass of some one-quarter to three-eight inch in thickness, and measuring some thirty by thirty inches, and being substantial in weight.
“The Court is of the opinion that it is inconceivable that a glass of this size and weight — with another heavy object on top of it — could have fallen on a three-year old child, as testified to by the plaintiffs witnesses, without severely injuring (if not killing) the child, and without some portion of it striking the grandmother if she was in the position she says she was in when the glass fell. Or that following such an incident as described by plaintiffs witnesses, they would have* proceeded to make a purchase of merchandise and calmly order and consume a softdrink.
“The Court was impressed with the demeanor and the testimony of the defendant’s witness, and notwithstanding the fact that 'truth may be stranger than fiction’ the Court considers the testimony of plaintiffs witnesses as to the events which took place to be too fantastic to be worthy of belief.
“This fact, together with the demeanor of the witnesses while testifying and throughout the trial of this matter, satisfies the Court that the child did not suffer any injuries as the result of the falling glass and mannequin, and the Court is of the opinion that the maxim ‘Falsus in uno, falsus in omnibus’ might well be applied in these proceedings (as harsh as this rule may sometimes be found to be).” (Emphasis of trial court).
We have carefully examined the transcript and the evidence and in particular that of the mother and the grandmother of the child, who testified as witnesses. It is obvious that they have exaggerated out of all proportion what may have happened to the child or what his injuries may have been. They were not corroborated in any substantial measure by their own medical witnesses. We do not feel that the doctrine “Falsus in uno, falsus in omnibus” does apply, nor do we feel that the district court relied on it in coming to the conclusion it did, but the district court discounted their testimony.
This appeal presents simply a question of fact and it narrows down to the testimony of the mother and the grandmother of the child and the testimony of an employee of the defendant’s store. The trier of facts had an opportunity to observe these witnesses and came to the specific conclusion that it would accept the testimony of the employee of the store, which was in complete contradiction of that of the other witnesses. A careful examination of the record discloses that he did not abuse his discretion in accepting this testimony. Therefore, the judgment must be affirmed.
For the foregoing reasons the judgment of the trial court is affirmed. Costs of this appeal are to be borne by plaintiff-appellant.
Affirmed.

. “How the glass was ultimately removed from the child was never explained by either the mother or the grandmother. Nor was any evidence given as to who lifted the child from the floor or whether he got up from the floor on his own motion.”